UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGEL MAURICIO SORTO HERNANDEZ | CIVIL ACTION |
| VERSUS | NO. 18-6848 |
| BP EXPLORATION AND PRODUCTION INC. ET AL. | SECTION "J" (2) |

# ORDER AND REASONS ON MOTION

The BELO portion of the Medical Benefits Class Action Settlement Agreement in In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179, Record Doc. No. 6427-1 at pp. 60–73, and this court's Case Management Orders, Record Doc. No. 14099 in MDL No. 2179 and Record Doc. No. 4 in the captioned case, provide for determination by this court, with the input of the parties, of the appropriate venue for discovery and dispositive proceedings.  Defendants have filed a Motion to Transfer Venue to the United States District Court for the Southern District of Texas, noticed for submission on December 5, 2018.  Record Doc. No. 5.  Local Rule 7.5 requires that written opposition to a contested motion must be filed no later than eight (8) days before the noticed submission date.  Plaintiff has failed to file an opposition memorandum.  However, his complaint argues that venue is proper in the Southern District of Alabama.  Record Doc. No. 1 at ¶ 6.

Having considered the record, the applicable law, and the written submissions of counsel for the parties, **IT IS ORDERED** that defendants' motion is GRANTED, and

the instant matter is **TRANSFERRED** to the United States District Court for the Southern District of Texas, for the following reasons.

Paragraph III(2) of this court's BELO Cases Initial Proceedings Case Management Order provides that "the factors set forth in 28 U.S.C. § 1404(a) and applicable case law" govern determination of the appropriate venue for discovery and dispositive proceedings. 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Applicable case law establishes that factors relevant to the court's venue determination include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)). Other relevant public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id.

Considering these factors and the disclosure information provided by plaintiff, Record Doc. No. 5-2, I find that the most appropriate venue for further proceedings in this BELO lawsuit is the Southern District of Texas. Plaintiff's complaint alleges that he is a "citizen and resident of Houston in Harris County, TX," Record Doc. No. 1 at ¶ 1, which is in the Southern District of Texas. 28 U.S.C. § 124(b). Plaintiff's disclosures state that his current address is in Houston, Texas; he has lived at this address since at least 2010; and that he lived at this address at the time of his alleged exposure to the oil spill and/or chemical dispersants between May and August 2010. Record Doc. No. 5-2 at pp. 1–2; see also Record Doc. No. 1 at ¶ 18.

Plaintiff's complaint alleges that at the time of his exposure, he was employed by STS Group as a clean-up worker in Dauphin Island, Mobile County, Alabama, located in the Southern District of Alabama. Record Doc. No. 1 at ¶¶ 6, 18; Record Doc. No. 5-2 at p. 5; 28 U.S.C. § 81(c). Plaintiff indicated in his disclosures that STS Group is based in New York. Record Doc. No. 5-2 at p. 5. Plaintiff's current employer and four of his prior employers are located in Houston, which is relevant to plaintiff's claims for lost income and loss of earning capacity. Record Doc. No. 5-2 at p. 3; Record Doc. No. 1 at ¶ 28.

Most significantly, plaintiff's disclosures indicate that his principal medical care providers, including the physicians who made the diagnosis of exposure-caused illness upon which plaintiff bases his claim, are located in Houston and Huntsville, Texas.

3

Record Doc. No. 5-2 at pp. 6, 10. Houston is located in Harris County, and Huntsville is located in Walker County; both counties are located within the Southern District of Texas. 28 U.S.C. § 124(b). It follows that important and highly relevant documents, specifically plaintiff's key medical records, are located in the Southern District of Texas. Importantly, none of plaintiff's medical care providers are located in the Southern District of Alabama.

In his complaint, plaintiff alleged that his witnesses and other relevant sources of proof are located in the Southern District of Alabama. Record Doc. No. 1 at ¶ 6. However, in his disclosures, the only fact witnesses identified as persons possessing information on plaintiff's alleged injury and/or medical conditions are Ana Deisy Flores and Edna G. Sorto, who are both residents of Houston, Texas. Record Doc. No. 5-2 at p. 8.

The motion papers and plaintiff's disclosures identify <u>no</u> witnesses or evidence in the Southern District of Alabama that would weigh in favor of transfer to that District. The only reason provided by plaintiff in support of venue in the Southern District of Alabama is that he suffered exposure there, while employed by a company located not in Alabama, but in New York. In contrast, defendant has shown the extensive and material contacts in the Southern District of Texas detailed above. Applying the relevant venue factors, greater ease of access to sources of proof can be found in the Southern District of Texas. Venue in the Southern District of Texas allows for availability of

4

compulsory process to secure identified witnesses and more inexpensive cost of attendance for those witnesses, all of whom reside in that District, than elsewhere. Venue in the Southern District of Texas allows for more expeditious and inexpensive disposition of the instant matter.

For the foregoing reasons, I find that venue is both proper and most appropriate in the Southern District of Texas. The convenience of the parties and witnesses and the interests of justice warrant transfer of this case. A magistrate judge is authorized to transfer a case of this sort to another district. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999). Accordingly,

**IT IS ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Southern District of Texas.

New Orleans, Louisiana, this ___5th___ day of December, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**